

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Alfred M. Clyde
Criminal District Attorney
Fort Worth, Texas

Dear Sir:

Opinion No. 0-6653
Re: Legality of racing publications
under Art. 652a, V. A. P. C.

Your request for an opinion of this department reads
as follows:

"I desire to know whether or not, in your
opinion, an individual or corporation who pub-
lishes and sells information similar to the en-
closures herewith, would be guilty under Article
652a of the Penal Code as a 'person who as an
agent, servant, employee or otherwise, aids or
encourages another to take or accept or place
any such bet or wager.' You will note that one
enclosure is clipped from a daily newspaper while
the others contain nothing but information as to
past performances of various horses, the odds
quoted on certain races, etc. The question is,
is the dissemination of such information a viola-
tion of the above article?"

Attached to your request are certain publications of
racing information which include data about various horse races
to be run, the condition of the tracks, the starting times for
the races, the names of the horses participating, names of owners
and jockeys, the weights, post positions, betting odds, and past
performance of entries. Some of the information appears in the
form of news stories such as would command the attention of
horse fanciers everywhere regardless of their interest or lack
of interest in the betting. We would not be so naive as to say
that some of the other matter submitted is not or may not be
used in connection with the laying bets on horse races. Perhaps

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Alfred M. Clyde - page 2

some were even published primarily to aid or assist one interested in horse race gambling. However, we must measure our answer in this opinion to the facts given without indulging in speculation or presumption.

Art. 652a, V. A. P. C., reads as follows:

"Section 1. Any person who takes or accepts or places for another a bet or wager of money or anything of value on a horse race, dog race, automobile race, motorcycle race or any other race of any kind whatsoever, football game, baseball game, athletic contest or sports event of whatsoever kind or character; or any person who offers to take or accept or place for another any such bet or wager; or any person who as an agent, servant or employee or otherwise, aids or encourages another to take or accept or place any such bet or wager; or any person who directly or indirectly authorizes, aids or encourages any agent, servant or employee or other person to take or accept or place or transmit any such bet or wager shall be guilty of book making and upon conviction be punished by confinement in the State Penitentiary for any term of years not less than one (1) nor more than five (5) or by confinement in the county jail for not less than ten (10) days nor more than one (1) year and by a fine of not less than One Hundred ($100.00) Dollars nor more than One Thousand ($1,000.00) Dollars."

Betting on a horse race is the gist of the offense denounced with reference to this particular sport. Simmons v. State, 120 S. W. (2d) 1061. None of the publications submitted invite or offer to take or place a horse race bet. No information is contained therein concerning a place where, the manner in which, or the person or persons with whom, such a bet may be placed.

Your request does not reveal that a particular bet was ever actually made, taken, placed for another, or offered by means of and through the use and aid of any of the publications submitted.

The sole question presented is whether the publication of such racing information in itself and standing alone, violates the provisions of Art. 652a, V. A. P. C. It is to be noted that bets on football and other games and races are included within the prohibition of the statute inquired about. Are newspapers and sports writers who fill their pre-game editions with the names, numbers and weights of the players, the condition of their health, the new formations and team stratagem, to be prosecuted because some fans use this information in aid of the illegal enterprise of betting upon the football game? Are columnists and publishers of programs for sporting events to be placed in fear of legal retribution where they have expertly analyzed the abilities and records of opposing teams and made prognostications based thereon - placed in fear lest some gambler seize upon and use his data as a predicate for his bet? We do not think that such is the case. The publication and dissemination of sporting information, statistics, and data is not in itself a violation of our statutes. To so hold, we think, would violate a guaranty that is sacred to every American - freedom of the press. Such would not be the case of course if facts were developed showing that a given publication was made and distributed for the purpose of and in furtherance and aid of a specific illegal gambling enterprise or transaction.

Without attempting to render here an opinion on the legality of such publications if combined with other facts or circumstances which are not presented in your request, it is our opinion that the bare publication and dissemination of such information constitutes no violation of Art. 652a, V. A. P. C.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Eugene Alvis
Eugene Alvis
Assistant

EA:zd


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN